**Seymour Wasserstrum, Esq.**
Law Offices of Seymour Wasserstrum
205 W. Landis Ave.
Vineland, NJ 08360
(t)856-696-8300 | (f)856-696-3586
MyLawyer7@aol.com

UNITED STATES BANKRUPTCY COURT
DISTICT OF NEW JERSEY
CAMDEN VICINAGE

| In re:<br><br>Tanisha Green<br>Debtor | Case No.:   23-17427-ABA<br><br>Hearing Date:  August 6, 2024<br><br>          10:00AM<br><br>Chapter:      13<br>Motion to |
|---|---|

## CERTIFICATION OF TANISHA GREEN IN SUPPORT OF MOTION TO RECONSIDER ORDER VACATING STAY and REQUEST FOR HEARING ON OBJECTION TO CREDITOR'S CERTIFICATION OF DEFAULT(DOC. 50)

I, <u>TANISHA GREEN,</u> the Debtor in this case, have personal knowledge of the facts set forth herein, and I am authorized to make this certification.

1. On August 25, 2023, I filed my Chapter 13 Bankruptcy Petition. My plan was set up to pay my rental arrears and to save my home of thirteen years. I have worked for the last ten years for the Fairfield Township School System. If Covid had not occurred, I would not have fallen behind in my rent.

2. On May 22, 2024, the outcome of the hearing on the Motion to Reinstates Stay was; **STAY REINSTATED, OTBS** as to; 1480 S. Maple Dr. Apt. C-2, Vineland NJ 08360.

3. I had attempted to make a payment to the landlord back in June but I was unsuccessful, however, I still have **$1,836.00** in money order(s) that I specifically purchased for the purpose of paying the landlord.

4. On June 10, 2024, the Creditor's attorney filed a certification of default.

5. On June 18, 2024, Debtor's attorney filed an objection, and the matter was scheduled to be heard on July 16, 2024, at 10:00 am.

6. On July 16, 2024, I went to Mr. Wasserstrum's office to be present at the hearing.

7. It appears that while we were waiting on the live participation line, we missed the 10:00 a.m. hearing and my attorney did not have the opportunity to provide any related facts of the matter to the court.

8. Upon finding out that we had accidentally missed court, due to a technical error, Mr. Wasserstrum explained that on 7/16/2024 the hearing was held, and the OUTCOME: Stay relief granted; **Opposition denied for lack of prosecution.** (related document: 51 Certification in Opposition to (related document:50 Creditor's Certification of Default.

9. I have provided a certification of Mr. Wasserstrum's paralegal that explains the technical error that was inadvertently made, which ultimately resulted in lack of prosecution. **See Exhibit A**

10. Soon after we missed the hearing due to a technical error, I received an email at 11:14 a.m. in relation to Landlord Tenant action and a motion for Warrant of Removal. **(See Exhibit B)**.

11. Furthermore, the Order that was supplied to the Landlord-Tenant court was an old and prior order dated May 14, 2024 (see Exhibit C) and not by order of the court as of July 16, 2024.

12. The court issued a resident warrant of removal. See attached Exhibit D.

13. My attorney was prepared and is prepared to provide the court with the following information;

    (a.) My confirmation hearing was scheduled to be held on July 24, 2024, at 9:00 a.m. and I had hoped that while the rental arrears are included in my plan, I could have a fresh start.

    (b.) I have been making my Trustee payments on a consistent basis. My chapter 13 plan includes $3,875.00 to Goldcrest properties (for the rental arrears as of Aug 2023)

    (c.) The amount of $3,925.00 owed to my landlord is based on the ledger that the landlord had provided. **See Exhibit E**

1. At this time, I fear being locked out of my home. The landlord has been paid **$10,183.00** since I filed my bankruptcy in August 2023.

2. I attempted to pay my rent in June however, I was told by the landlord that I will be locked out for not paying on the first of the month.

3. The reason that I fell behind in my post-petition rent payments is that while I was approved for rental assistance there was an error made and the DCA funds that were supposed to be sent to my landlord were sent to someone else.

4. I filed my bankruptcy petition on **August 25,2023**. The primary reason I filed, was to save my home and to pay the landlord the pre-petition arrears of **$3,875.00** through my plan.

5. Going forward, in regard to post-petition arrears, I owe 11 months at **$868.00** for a total of **$9,812.00** including (late fees of $50.00 for months Sept- May 2024).

6. There have been multiple payments made to Goldcrest Properties, a total of **$10,183.00**, since I filed my bankruptcy in August 2023.

7. In October 2023, I made a payment of **$805.00**

8. On November 22, 2023, a payment from DCA for the eviction prevention program in the amount of **$2,325.00** was made to Goldcrest Properties.

9. In March 2024, I made a payment of **$500.00** to Goldcrest Properties.

10. On May 9, 2024, a payment from DCA from the eviction prevention program in the amount of **$6,553.00** was made to Goldcrest Properties.

11. I am requesting that the automatic stay remain in effect and that I am permitted to continue paying pre-petition arrears in the plan.

12. If my plan is confirmed and my pre-petition rental arrears in the amount of **$3,875.00 are included** in my chapter 13 bankruptcy plan, I would then owe **post-petition** rental arrears and late fees totaling **$9,812.00** outside of the plan.

13. Payments in the amount of **$10,183.00** have been made since I filed my petition, allowing a **$371.00** credit after June and July 2024 rent of $868.00 is deducted.

14. See Table I below for quick reference;

### September 2023 to July 2024

| Date | Rent Amount Due: | Late Fee: | Total Due: | Payment | |
|---|---|---|---|---|---|
| Sep-23 | $ 775.00 | $ 50.00 | $ 825.00 | $ - | |
| Oct-23 | $ 775.00 | $ 50.00 | $ 825.00 | $ - | |
| Oct-23 | | | $ - | $ 805.00 | |
| Nov-23 | $ 868.00 | $ 50.00 | $ 918.00 | $ - | |
| Nov-23 | $ - | | $ - | $ 2,325.00 | |
| Dec-23 | $ 868.00 | $ 50.00 | $ 918.00 | $ - | |
| Jan-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - | |
| Feb-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - | |
| Mar-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - | |
| Mar-24 | $ - | | $ - | $ 500.00 | |
| Apr-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - | |
| May-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - | |
| May-24 | $ - | | $ - | $ 6,553.00 | |
| **TOTAL(s)** | $ 7,626.00 | | $ 8,076.00 | $ 10,183.00 | |
| **CREDIT:** | | | | $ 2,107.00 | |
| 6/1/2024 | $ 868.00 | | | $ 1,239.00 | CREDIT |
| 7/1/2024 | $ 868.00 | | | $ 371.00 | CREDIT |

15. It would only be in the event that my bankruptcy is not confirmed to pay the rental arrears that accumulated through my Covid related hardships, throughout my chapter 13 plan that my rent balance due would be $3,104.00.

See Table 2 below for quick reference.

*If balance is carried over from Landlord spreadsheet*

| Date | Rent Amount Due: | Late Fee: | Total Due: | Payment |
|---|---|---|---|---|
| Aug-23 | $ 3,925.00 | | | |
| Sep-23 | $ 775.00 | $ 50.00 | $ 825.00 | $ - |
| Oct-23 | $ 775.00 | $ 50.00 | $ 825.00 | $ - |
| Oct-23 | | | $ - | $ 805.00 |
| Nov-23 | $ 868.00 | $ 50.00 | $ 918.00 | $ - |
| Nov-23 | $ - | | $ - | $ 2,325.00 |
| Dec-23 | $ 868.00 | $ 50.00 | $ 918.00 | $ - |
| Jan-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - |
| Feb-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - |
| Mar-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - |
| Mar-24 | $ - | | $ - | $ 500.00 |
| Apr-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - |
| May-24 | $ 868.00 | $ 50.00 | $ 918.00 | $ - |
| May-24 | $ - | | $ - | $ 6,553.00 |
| Jun-24 | $ 868.00 | | | |
| Jul-24 | $ 868.00 | | | |
| **TOTAL(s)** | $ 13,287.00 | | | $ 10,183.00 |
| **DUE:** | | | | $ 3,104.00 |

16. At the same time, I do have (2) **$918.00** on hand and have been prepared to pay the landlord.

17. Lastly. I am not opposed to paying reasonable attorney fees and I agree to pay the creditor's attorney fees of $650.00 also through the plan, and I want to thank the Court for giving me the help that I need at this point in my life.

18. I believe in the court as just and that the bankruptcy court is a court of equity and that the court if provided all of the facts would not put a person on the street especially while the Landlord has in fact been paid.

19. I, therefore, respectfully request that the court reconsider the Order vacating stay and Request for Hearing on Objection to Creditor's Certification of Default so that I can continue to make both my monthly rent and trustee payments without fear of eviction.

    I, Tanisha Green, certify all statements made heretofore by me are true and correct to the best of my information, knowledge, and belief; and I am fully aware that if any statement is willfully false, I am subject to punishment for false swearing.

Dated: July 16, 2024                                                  /s/ Tanisha Green  
                                                                                      Tanisha Green  
                                                                                      Debtor